IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYKEL HAWKINS,

    Petitioner,                    No. CIV S-04-2495 MCE JFM P

    vs.

C.K. PLILER, WARDEN,

    Respondent.                 ORDER

_____/

        On March 16, 2007, petitioner filed a request for reconsideration of this court's March 16, 2007 order granting respondent an extension of time to file a responsive letter brief. Petitioner objects to the length of time respondent was granted to file his brief, based on the fact that over a year elapsed from the time petitioner notified the court of Rompilla v. Beard, ____ U.S. ____, 125 S. Ct. 2456 (2005). In addition, petitioner objects to respondent's request to "investigate and brief the possible issue under Evans v. Chavez[, ____ U.S. ____ 126 S. Ct. 846 (2006)(pertaining to tolling of the statute of limitations)]." (March 13, 2007 Request at 2.) Petitioner contends that respondent has waived any defense based upon the statute of limitations, but that even if the court were to apply Evans, petitioner's state petition would be deemed timely filed under principles of equitable tolling.

        Good cause appearing, petitioner's request for reconsideration will be partially granted. This court is not inclined, at this late date, to entertain a motion to dismiss on statute of limitations grounds. Respondent contends that in Evans the Supreme Court found that "an

1

unexplained six-month delay could not be deemed reasonable under California law for the purpose of tolling the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act, 22 U.S.C. § 2244(d)." (March 13, 2007 Request at 2.) Respondent argues that petitioner delayed more than four months between his state habeas denial in Sacramento County Superior Court on December 30, 2002 and the filing of his state habeas petition in the California Court of Appeal, Third Appellate District, on April 25, 2003. (Id.) Petitioner contends the delay was 3.8 months and should be equitably tolled during the period petitioner was on continuous lockdown, then represented by counsel who failed to take any action for a few weeks.

The Supreme Court in Evans held that the unexplained filing delay of at least six months by a California inmate is not reasonable, but the Supreme Court did not establish a bright-line rule regarding delays of less than six months. Id., 126 S.Ct. at 854. Because petitioner would be entitled to equitable tolling for some or all of the 3.8 to 4 month period at issue here, this court would not be inclined to entertain a motion to dismiss at this late date; rather, this court intends to rule on the merits of this action. Respondent's request for an extension of time to file a brief concerning application of Evans will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 16, 2007 motion for reconsideration is granted;

2. The March 16, 2007 order is vacated;

3. Respondent is granted until April 3, 2007 in which to file a brief responsive to this court's February 27, 2007 order.

DATED: March 20, 2007.

UNITED STATES MAGISTRATE JUDGE

/001;hawk2495.rec

2